

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 29, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-47

Re: Application of Article 1111d,
V.P.C., as amended, the chain
store tax, upon concession
stands within carnivals.

Dear Sir:

Your letter dated May 15, 1953, makes inquiry of the applicability of the State's chain store tax upon concession stands operating within carnivals. I quote from your letter which reads:

"In one instance the entire carnival is operated by one individual. This individual operator pays a carnival tax and also pays a cigarette license fee. Is this carnival operated by one individual subject to the store tax? If so, is he liable for one store tax or for a tax upon each place within the area where goods, wares and merchandise are sold?

"In another instance the owner and operator of the carnival leases the places; such as, restaurants, hamburger stands, curio and gift shops, to various individual operators. Are these individual lessees subject to an individual chain store tax, or is the carnival operator subject to a chain store tax covering these places? Would it make any difference in the application of the chain store tax if the carnival were a traveling carnival or circus?"

This office is of the opinion that a carnival which maintains stands that sell goods, wares and merchandise is a "store" within the purport of the chain store tax and payment of a carnival tax and cigarette license fee neither affects its denomination as a store nor entitles it to any exemption. Art. 1111d, Secs. 5(a), 7, V.P.C., as amended.

Is the carnival operator subject to the pyramiding store tax computed upon each individual stand within the carnival area? Since the Attorney General's letter opinion to your department of April 2, 1938, the Comptroller's Office has adhered to the "under one roof" doctrine. The question of whether an owner or operator of a department store was subject to a tax on each individual department was answered in the negative holding that as long as the operations were confined under one roof

only one store tax was payable. The doctrine's reference to "roof" was illusory and it is our opinion that various carnival stands operated by an individual within a confined space and managed as a single unit is subject to only one tax.

The doctrine apparently originated from a statement made in the leading chain store tax case, Tax Commissioners v. Jackson, 283 U.S. 527 (1931). In the Jackson case, the taxpayer insisted that there was no substantial variance of operation between chain stores and department stores and that the chain store tax was an arbitrary classification. The Supreme Court stated on page 536:

> "While it is true that large department stores reap many of the advantages and employ many of the methods of a chain store group, such as large capital, buying in quantity, and the ability to command the highest type of management, it is, nevertheless, evident that, whereas a department store spreads its efforts over a number of different sorts of shops under one roof, the chain store owner concentrates its energy upon the conduct of but one kind of stores located in many neighborhoods. Obviously, greater specialization in management and methods is possible in the latter type of enterprise than in the former, whose management, however capable, must after all consist of many separate types each devoted to a single store similar to an independent retail store. The mass buying done by a chain store owner for a number of units selling the same goods, is not comparable to the individuated purchasing of a department store for its grocery, its shoe, its drug, and each of its other departments. It is not to be expected that the management problems of stores, essentially separate and differing entirely in the character of their business, under the aegis of a single department store, will be the same as those involved in the intensive selling of a chain store owner operating an equal number of units all devoted to a single line of business."

The verbiage was carried into Texas' leading chain store tax case, Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896 (1937); certified questions disposed of in 113 S.W.2d 929 (Tex. Civ. App. 1938).

It is impossible to anticipate all ramifications of this rule. In our opinion the carnival maintaining various stands within a confined area operated by one person as a single unit (i.e., integrated bookkeeping, common purchasing, etc.), is subject to only one store tax as a single unit.

Individual operation and management of the concessions by different lessees changes the status of the carnival stands. The statute levies a tax upon every person operating or maintaining one or more stores. Art. 1111d, Sec. 5(a), V.P.C., as amended. It is our opinion that each stand by virtue of the above facts would be subject to a separate store tax. Restaurant and hamburger stands so operated come within the exemption provided by Section 5(a) of Article 1111d, as amended, and are taxable under Section 5(c) of Article 1111d.

There is no differentiation to be made between a traveling and permanent carnival. This office has previously stated "a store is a store, whether mobile or immobile." Atty. Gen. Op. O-7361 (1946).

## SUMMARY

Carnivals are subject to the tax levied by Article 1111d, V.P.C., as amended. Stands owned and operated by one person as a single unit are liable for a tax for one store only. If the concessions are leased to various persons, the different stands are each subject to a store tax. The mobility of the carnival of itself does not affect its status as a store or stores.

Yours very truly,

APPROVED:

W. V. Geppert
Taxation Division

C. K. Richards
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

WWG:mg

JOHN BEN SHEPPERD
Attorney General

By William W. Guild
William W. Guild
Assistant